IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAMON'S INTERNATIONAL, INC., | ) | Case No. 09-27920-MBM |
| | ) | |
| Debtors. | ) | |
| | ) | |
| ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪ | ) | Chapter 11 |
| | ) | |
| DAMON'S INTERNATIONAL, INC., | ) | |
| | ) | Doc#____ |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NO RESPONDENTS | ) | |
| | ) | |

**MOTION OF DEBTOR FOR POSTPETITION CREDIT
FOR INSURANCE PREMIUM FINANCING**

Damon's International, Inc., the debtor and debtor in possession (the "Debtor"), by and through its undersigned attorneys, hereby moves this Court (the "Motion") pursuant to 11 U.S.C. § 364(c) to obtain post-petition credit to finance insurance premiums and states in support as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein is section 364(c) of the Bankruptcy Code.

**BACKGROUND**

3.      On October 28, 2009 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code").

4.      The Debtor was founded in 1979 as a full-service, casual dining restaurant that emphasizes prime rib, grilled steaks, chicken, seafood, salad and award-winning ribs.

5.      The Debtor and certain subsidiaries currently operate fifteen (15) company-owned stores.  The Debtor franchises an additional thirty-seven (37) locations.

6.      Pursuant to the guidelines established by the United States Trustee, the Debtor must maintain various insurance policies.

7.      In order to insure property, the Debtors are prepared to execute a "Premium Finance Agreement" with Universal Premium Acceptance Corp. ("UPAC") for the financing of the Debtor's insurance with United States Liability Insurance, Great American Insurance and Mount Vernon Fire Insurance Co. (the "Policies") upon Court approval.  A copy of the Premium Finance Agreement is attached hereto and incorporated herein as **Exhibit "A"**.

8.      The policies are essential to the Debtor's business and the preservation of the property, assets, and business of the Debtor.

9.      These policies will bear a total premium of $31,878.00.

10.      Under the Premium Finance Agreement, UPAC will provide financing for $23,930.50.  By virtue of the Premium Finance Agreement the Debtors will become obligated to pay UPAC the sum of $24,910.02, including a $979.52 finance charge, in nine (9) monthly installments of $2,767.78.

11.     As collateral to secure the repayment of the indebtedness due under the Premium Finance Agreement, the Debtor is granting UPAC a security interest in the unearned premiums of the Policies.

12.     In the Debtor's business judgment, the terms of the Premium Finance Agreement represent the best possible terms for financing the premiums of the insurance policies.

13.     In view of the importance of maintaining the insurance coverage with respect to the business activities and the preserving of the Debtor's cash flow and estate by financing the insurance premiums, the Debtor believes that it would be in the best interest of the Debtor's estate and creditors to enter into such a Premium Finance Agreement with UPAC.

## APPLICABLE AUTHORITY

14.     Section 364 of the Bankruptcy Code provides, in relevant part, "[i]f the [debtor] is unable to obtain unsecured credit …, the court, after notice and a hearing, may authorize the obtaining of [secured] credit or the incurring of [secured] debt …" 11 U.S.C. § 364(c).  In short, section 364 authorizes a debtor, in the exercise of its business judgment, to incur secured debt if the debtor has been unable to obtain unsecured credit and the borrowing is in the best interests of the estates.  See, e.g., In re Ames Dept. Stores, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (with respect to postpetition credit, courts "permit debtors-in-possession to exercise their basic business judgment consistent with their fiduciary duties"); see also 3 Collier on Bankruptcy ¶ 364.03, at 364-67 (15th ed. Rev. 1999).  Further, section 364 does not impose a duty on the debtor to request unsecured credit from every potential lender before seeking secured credit.  See In re Snowshoe Co., Inc., 789 F.2d 1085, 1088 (4th Cir. 1986).

15.     In view of the importance of maintaining insurance coverage throughout the entire duration of the Chapter 11 case with respect to its business activities and preserving its

liquidity by financing certain insurance premiums, the Debtor believes it is in the best interests of its estates and creditors to authorize the Debtor to enter into the Premium Finance Agreement.

## NOTICE

16.     No trustee, examiner or creditors' committee has been appointed in this case. Notice of this Motion has been provided to: (a) the United States Trustee; (b) those parties listed on the List of Creditors Holding Largest Twenty Unsecured Claims Against the Debtors as identified in the Debtor's Chapter 11 petition; and (c) those parties that have requested service of notice in this case.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

17.     No prior Motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor prays that this Court enter an Order authorizing the Debtor to enter into the Premium Finance Agreement and approving the terms thereof.


Respectfully submitted,

BLUMLING & GUSKY, LLP


Dated: December 6, 2009                    */s/ Michael Kaminski*
                                           Michael Kaminski, Esquire
                                           Pa. I.D. No.  53493
                                           Haig M. Sakoian, Esquire
                                           Pa. I.D. No. 206032
                                           436 Seventh Avenue
                                           1200 Koppers Building
                                           Pittsburgh, PA  15219
                                           (412) 227-2500


{21521.02/479231:}