# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| DAMON'S INTERNATIONAL, INC., | Case No. 09-27920-MBM |
| Debtor. | Doc. #_____ |
| v. | |
| PNC BANK, AS SUCCESSOR BY MERGER TO NATIONAL CITY BANK; FRIEDBERG MILSTEIN PRIVATE CAPITAL FUND, I; CIG REAL ESTATE OPPORTUNITY FUND 2005-1, LLC; DELAWARE COUNTY BANK & TRUST COMPANY and IMPERIAL CAPITAL BANK, | |
| Respondents | |

## EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR-IN-POSSESSION FINANCING PURSUANT TO 11 U.S.C. §364(c)

The Debtor hereby files this Emergency Motion for Interim and Final Orders Authorizing Debtor-In-Possession Financing Pursuant To 11 U.S.C. §364(c) (the "Motion") and in support of this Motion, the Debtor respectfully represents as follows:

### Certificate of Necessity

THE UNDERSIGNED HEREBY CERTIFIES that as a member of the Bar of this Court, I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, or to increase the cost of litigation, and

there is just cause to request a consideration of the matter on an emergency basis. I am aware of Federal Rule Civ. Pro. 11 and Bankruptcy Rule 9011 and of the consequences which may result from violations thereof.

THE UNDERSIGNED CERTIFIES FURTHER that this matter is an emergency because the Debtor and certain subsidiaries of the Debtor need the use of borrowed funds in order to pay rent and operate there businesses going forward.

THE UNDERSIGNED CERTIFIES FURTHER that the necessity of this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client.

THE UNDERSIGNED CERTIFIES FURTHER that the amount of time needed to present information sufficient under applicable law to enable this Court to enter an order granting the requested relief is fifteen minutes.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

## PROCEDURAL BACKGROUND

2. On October 28, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1532 (as amended, the "Bankruptcy Code").

3. The Debtor continues to manage and operate its businesses as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

4. Damon's Restaurants was founded in 1979 as a full-service, casual dining restaurant that emphasizes prime rib, grilled steaks, chicken, seafood, salad and award-winning ribs.

5. The Debtor through certain subsidiaries currently operates fifteen (15) company-owned stores. The Debtor franchises an additional thirty-seven (37) locations.

6. The Debtor has no employees and is not a party to food purchasing contracts. Rather the Debtor acts as a holding company for subsidiaries which employ the employees, purchase food and liquor and operate and franchise the restaurants.

7. Notwithstanding the fact that the Debtor acts primarily as a holding company, the Debtor is the named tenant for certain leased premises used to operate Damon's Restaurants.

8. The Debtor is owned by G & R Acquisition, Inc.

9. G & R Acquistion, Inc. also owns and operates Max & Erma's Restaurants, Inc., a Debtor in proceedings pending in this Court at Case No. 09-27807-MBM.

## **THE DEBTORS SECURED CREDITORS**

10. On or about November 14, 2008 the Debtor executed an Unconditional Continuing Guaranty in favor of National City Bank pursuant to which, *inter alia*, the Debtor purported to guaranty certain obligations of Max & Erma's Restaurants, Inc. to National City Bank.

11. In order to secure the Debtor's obligations to National City Bank, National City Bank caused a UCC-1 Financing Statement granting a security interest in substantially all of the Debtor's assets to be filed with the Ohio Secretary of State.

12. On September 21, 2009, National City Bank filed a Complaint on Cognovet Guaranties against inter alia, the Debtor.

13. On September 23, 2009, the Common Pleas Court of Franklin County, Ohio entered a judgment against the Debtor in the amount of $15,829,000.00, plus interest and fees.

14. On June 5, 2006 CIG filed a financing statement with the Office of the Secretary of the State of Ohio covering all of the Debtor's property, including accounts, investment property, goods, equipment and general intangibles.

15. The Debtor believes, and therefore avers that no amounts are owed to CIG.

16. On August 5, 2009 Friedberg Milstein filed a financing statement with the Office of the Secretary of the State of Ohio covering all assets of the Debtor.

17. In addition to its guaranty of the obligations of Max & Erma's to National City Bank, the Debtor has guaranteed obligations of certain subsidiaries including the following:

| Subsidiary | Obligee |
| --- | --- |
| Damon's Restaurants, Inc.<br>Damon's Management, Inc. | Delaware County Bank<br>and Trust Company |
| Damon's Restaurants, Inc.<br>Damon's Restaurants of America, Inc. (Collier) | Imperial Capital Bank |
| Damon's Restaurants, Inc.<br>Damon's Restaurants of Ohio, Inc. (Stow) | Imperial Capital Bank |

18. Neither Delaware County Bank and Trust Company nor Imperial Capital Bank recorded financing statements with the Secretary of State of Ohio against the Debtor.

19. Since the Debtor received no consideration for its guaranty of the obligations of Max & Erma's, the claim and liens of National City Bank, Huntingdon Bank and Park Bank are avoidable pursuant to 11 U.S.C. §548 and applicable State fraudulent transfer law.

20. The security interest in favor of Friedberg Milstein was recorded within ninety (90) days of the filing of the Debtor's Chapter 11 Petition, and is therefore avoidable pursuant to 11 U.S.C. §547.

21. Gary L. Reinert, Sr. through certain entities controlled by him, excluding Max & Erma's Restaurant, Inc. is willing to make a credit facility available to the Debtor in the amount of $750,000.00 under the following terms and conditions:

   a. The credit facility will be secured by liens on all assets of the Debtor and its subsidiaries, junior to:

      i. liens existing at the time of time of filing of the Debtor's Chapter 11 Petition with respect to the Debtor, or

      ii. with respect to non-debtor affiliates of the Debtor, liens existing at the time the credit facility closes;

   b. All Advances shall be granted priority over any and all administrative expenses of the kind specified in Section 503(b) or 507(b) of Title 11;

   c. All advances will be in the sole and absolute discretion of Gary L. Reinert, Sr.

   d. The obligation to fund the credit facility will terminate upon:

      i. the appointment of a Chapter 11 trustee; or

      ii. the conversion of the Debtor's case to Chapter 7; or

      iii. the termination of the right of Gary L. Reinert, Sr. to manage the business and affairs of the Debtor, Damon's Restaurants, Inc. or any other subsidiary of the Debtor; or

      iv. at the sole and absolute discretion of Gary L. Reinert, Sr. in the following events:

         1. the filing, other than by the Debtor, of a Motion to sell substantially all of the Debtor's assets or the assets of any subsidiary; or

         2. the filing, other than by the Debtor of a plan or reorganization and disclosure statement.

   e. The obligations on the credit facility will mature or the first to occur of:

      i. the entry of an Order confirming a plan of reorganization for the Debtor; or

      ii. the entry of an Order converting the Debtor's case to one under Chapter 7; or

iii. the entry of an Order approving the sale of substantially all of the Debtor's assets; or

iv. entry of an order terminating Gary L. Reinert, Sr.'s right to manage the Debtor.

22. Although it is not necessary to obtain Court approval for loans to the Debtor subsidiaries, Court authorization to do so is being requested out of an abundance of caution, and in the interest of transparency.

23. It is in the best interest of the Debtor, its creditors and its estate if the Debtor is permitted to obtain the credit facility from Gary L. Reinert, Sr., or entities controlled by him other than Max & Erma's Restaurant, Inc. on the terms and conditions set forth above.

WHEREFORE, Damon's International, Inc. requests this Honorable Court to enter an Order authorizing the Debtor to obtain a credit facility from Gary L. Reinert, Sr. or entities controlled by him other than Max & Erma's Restaurant, Inc. in the amount of Seven Hundred Fifty Thousand ($750,000.00) Dollars upon the terms and conditions set forth above.

        Respectfully submitted,

        **BLUMLING & GUSKY, LLP**

By:   */s/ Michael Kaminski*
       Michael Kaminski, Esquire
       PA I.D. #53493
       Jeanette E. Oliver, Esquire
       PA I.D. #201336
       Haig M. Sakoian, Esquire
       PA I.D. #206032

       1200 Koppers Building
       436 7th Avenue
       Pittsburgh, PA  15219
       (412) 227-2500

       ***Proposed Attorneys for Debtor and Debtor-in-Possession***