IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DAMON'S INTERNATIONAL, INC., | ) Case No. 09-27920-MBM |
| | ) |
| Debtor. | ) |
| ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪ | ) Chapter 11 |
| DAMON'S INTERNATIONAL, INC., | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) Doc#____ |
| NO RESPONDENTS. | ) |
| | ) |

**MOTION TO EXTEND THE EXCLUSIVE TIME PERIOD WITHIN WHICH TO FILE PLAN OF REORGANIZATION AND THE EXCLUSIVE SOLICITATION PERIOD**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order (the "Order") pursuant to §1121(c) of the Bankruptcy Code (as defined below), extending the periods set forth in §§1121(c)(2) and 1121(c)(3) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), within which only the Debtor may file and solicit votes to approve a plan of reorganization. In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

{21521.02/490081:}

## PROCEDURAL BACKGROUND

### General Background

1. On October 28, 2009 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to manage and operate its businesses as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

3. Damon's Restaurants was founded in 1979 as a full-service, casual dining restaurant that emphasizes prime rib, grilled steaks, chicken, seafood, salad and award-winning ribs.

4. The Debtor through certain subsidiaries currently operates fifteen (15) company-owned stores. The Debtor franchises an additional thirty-seven (37) locations.

5. The Debtor has no employees and is not a party to food purchasing contracts. Rather the Debtor acts as a holding company for subsidiaries which employ the employees, purchase food and liquor and operate and franchise the restaurants.

6. Notwithstanding the fact that the Debtor acts primarily as a holding company, the Debtor is the named tenant for certain leased premises used to operate Damon's Restaurants.

7. The entities that operate the Debtor's 15 company owned restaurants consists of Damon's Restaurants, Inc. ("DRI"), Damon's Restaurants of America, Inc. ("DRA") Damon's of Lexington Park, Inc. ("LEX") and Damon's of New Philadelphia, Inc. ("NP"). In addition Damon's Management, Inc. ("DMI") is responsible for payment of certain administrative expenses, as well as the collection of royalties from franchisees.

8. On January 29, 2010, DRI, DRA, LEX, NP and DMI each filed Voluntary

Petitions for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania.

**Plan Related Deadlines**

9. On February 25, 2010, the 120-day period provided for in §1121(c)(2) of the Bankruptcy Code (the "Exclusive Filing Period"), during which only the Debtors may file a Plan of Reorganization, will expire. On April 26, 2010, the 180-day period provided for in §1121(c)(3) (the "Exclusive Solicitation Period" and collectively with the Exclusive Filing Period, the "Exclusive Periods"), during which only the Debtor's filed plan may be considered for acceptance or rejection, will expire.

**RELIEF REQUESTED**

10. By this Motion, the Debtor respectfully requests that this Court, pursuant to §1121(d) of the Bankruptcy Code, extend the Exclusive Filing Period through and including May 28, 2010 and the Exclusive Solicitation Period through and including July 27, 2010. This is the Debtor's first request for an extension of their Exclusive Periods.

**ARGUMENT**

11. To promote balanced and successful reorganizations under Chapter 11 of the Bankruptcy Code, Congress provided debtors with the exclusive right, for a reasonable period of time, to propose a plan of reorganization and solicit votes thereon. To that end, §1121(b) of the Bankruptcy Code provides a debtor with the exclusive right to file a plan of reorganization for a period of 120 days from the entry of the order for relief under Chapter 11. See 11 U.S.C. § 1121(b); 7 COLLIER ON BANKRUPTCY, ¶ 1121.03 (15th ed. Rev. 2008). If the debtor files a plan within this 120-day period, §1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional sixty days to an initial maximum of 180 days to allow acceptance by each class

impaired under the plan. See 11 U.S.C. 1121(c)(3); 7 COLLIER ON BANKRUPTCY, ¶1121.04 (15th ed. Rev. 2008).

12. §1121(d) of the Bankruptcy Code permits a court to extend a debtor's exclusive period upon a demonstration of cause, subject to certain limitations. Specifically, §1121(d) of the Bankruptcy Code provides as follows:

(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. §1121(d). The Exclusive Period extensions requested by this Motion do not implicate either the 18-month or 20-month deadlines set forth in §1121(d)(2)(A) & (B).

13. The flexibility of §1121 of the bankruptcy Code is intended to give the debtor an adequate opportunity to stabilize its business operations at the outset of its Chapter 11 case, to resolve critical contingencies and to negotiate an effective plan of reorganization with its creditors. See In re Newark Airport/Hotel L.P., 156 B.R. 144, 451 (Bankr. D. N.J.), aff'd, 155 B.R. 93 (D.N.J. 1993) (noting that Chapter 11 provisions are designed to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); Gaines v. Perkins, 71 B.R. 294, 297-98 (W.D. Tenn. 1987) (noting that §1121 of the Bankruptcy Code is designed to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

14. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. See H.R. rep. No. 95-595, at 231, 232 (1978), reprinted in 1978

U.S.C.C.A.N. 5963, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interest by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties-in-interest). The decision to extend a debtor's exclusivity period is committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., First American Bank of New York v. Southwest Gloves and Safety Equipment., Inc., 64 B.R. 963, 965 (D.Del. 1986).

15. Courts do not examine or rely on all factors in a given case, but instead use a subset of factors to determine whether cause exists. See e.g., In re Interco, Inc., 137 B.R. 999 (Bankr. E.D. Mo. 1992).

16. The Debtor believes that "cause" exists in this case to extend the Exclusive Periods. Considering the complexity of this case, the Debtor has not had adequate time to prepare a plan. Moreover, given that the Debtor's operating subsidiaries have only recently filed Chapter 11 Petitions, and given that any Plan of Reorganization will have to include a reorganization or sale of the operating entities, it is clear that a Plan of Reorganization cannot be filed within the initial 120 day period.

17. A consensual Chapter 11 plan is the most efficient and least costly resolution to these cases. The Debtor submits that it is not seeking this extension to delay administration of its Chapter 11 case, but rather to continue the orderly, efficient and cost effective restructuring process.

18. In summary, the Debtor believes that the additional time to formulate a plan will be beneficial to the estate and its creditors. The Debtor submits that "cause" exists in this case to extend the Exclusive Periods.

19. The Debtor believes that the extension of time to file a Plan and solicit acceptances thereof should be extended so that they coincide with the exclusive periods in the

cases of its subsidiaries, or on May 28, 2010 to file a Plan and until July 27, 2010 to solicit acceptances thereof.

## NOTICE

20. Notice of this Motion has been given to the following parties, or their counsel, if known: (1) the Office of the United States Trustee; (2) the Debtor's pre-petition and post-petition lenders; and (3) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtor submits that no other or further notice need be given.

## NO PRIOR REQUEST

21. No prior request for relief sought in this Motion has been made to this or any other court.

WHEREFORE, Damon's International, Inc., Debtor, respectfully requests this Honorable Court to enter an Order extending the Exclusive Filing Period to May 28, 2010 and the Exclusive Solicitation Period from July 27, 2010.

Respectfully submitted,

BLUMLING & GUSKY, LLP

*/s/  Michael Kaminski*
Michael Kaminski, Esquire
PA. I.D. #53493
1200 Koppers Building
Pittsburgh, PA  15219
(412) 277-2500

COUNSEL FOR DEBTOR