IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Jointly Administered at |
| DAMON'S INTERNATIONAL, INC., et al.,[1] | ) Bankruptcy No.: 09-27920-MBM |
| | ) |
| Debtor. | ) |
| | ) Chapter 11 |
| | ) |
| DAMON'S INTERNATIONAL, INC., et al., | ) |
| | ) |
| Movants | ) |
| v. | ) Doc#____ |
| | ) |
| BEST RESTAURANT EQUIPMENT & DESIGN, INC.; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; PNC BANK successor to NATIONAL CITY BANK; FRIEDBERGMILSTEIN PRIVATE CAPITAL FUND I; M&G, LLC; CIG REAL ESTATE OPPORTUNITY FUND 2005-1 LLC; BALFOUR ASSOCIATES LP; HEARN FAMILY PARTNERSHIP; MAGIC MILLER INVESTMENTS, INC.; THE FREEDOM FAMILY TRUST; SHANNON R. FOUST; HOWARD B. FREEDMAN; CARL T. HOWARD; JOHN D. MORTON; RICHARD M. TROPP; DIAMOND LEASE U.S.A., INC.; CEF FUNDING IV, LLC; GENERAL ELECTRIC CAPITAL CORP.; IRVING ROSSMAN; JERRY ROSSMAN; THE DELAWARE COUNTY BANK AND TRUST COMPANY; GE CAPITAL FRANCHISE CORPORATION; NEWCOURT COMMERCIAL FINANCE CORPORATION; and JP MORGAN CHASE BANK, N.A., successor in interest to BANK ONE, N.A; FOUR ACES, LLC; GLIMCHER PROPERTIES LIMITED PARTNERSHIP; and SANDUSKY BAY INVESTMENT CO., INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Respondents. | ) |

**MOTION FOR ORDER OF COURT APPROVING THE AUCTION SALE
OF THE DEBTORS' OHIO STORE ASSETS FREE AND CLEAR
OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

---

[1] The Debtors in these cases are Damon's International, Inc., Damon's Restaurants, Inc., Damon's Restaurants of America, Inc., Damon's of New Philadelphia, Inc., Damon's of Lexington Park, Inc., and Damon's Management, Inc., and are collectively referred to herein as the "Debtor." The Court has authorized the joint administration of the Debtors' cases at Case No. 09-27920-MBM

{21521.06/576730:}

The Debtors in the above captioned cases (the "Case"), hereby file this *Motion for Order of Court Approving the Auction Sale of the Debtors' Ohio Store Assets Free and Clear of All Liens, Claims, Interests and Encumbrances,* and in support thereof, state as follows:

**Jurisdiction and Venue**

1) This Court has jurisdiction to consider the within Sale Motion pursuant to 28 U.S.C. §§157 and 1334.

2) This matter is a core proceeding within the meaning of 28 U.S.C. §157(b) (2).

3) Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

**Background**

4) On October 28, 2009 (the "Petition Date"), Damon's International, Inc. commenced its case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code").

5) On January 29, 2010, Damon's Restaurants, Inc., Damon's Restaurants of America, Inc., Damon's of New Philadelphia, Inc., Damon's of Lexington Park, Inc., and Damon's Management, Inc. filed Voluntary Chapter 11 Petitions under the Code.

6) Damon's was founded in 1979 as a full-service, casual dining restaurant that emphasizes prime rib, grilled steaks, chicken, seafood, salad and award-winning ribs.

7) The Debtors currently operate five (5) company-owned stores. The Debtors franchise an additional twenty-six (26) locations.

8) Of the five (5) company owned restaurants which remain open four (4) are located in the State of Ohio.

9) In order to eliminate the potential for the Debtors to continue accruing, but not paying sales taxes in the State of Ohio at the remaining 4 locations and in order to preserve approximately 150 to 170 jobs, the Debtor has determined to expose its 4 remaining locations in Ohio to auction.

10) The Debtors have received a term sheet from Christopher L. Little ("Buyer") for the

{21521.06/576730:} 2

acquisition of the 4 remaining locations in Ohio. A copy of the term sheet is attached as **Exhibit A** and incorporated by reference.

11) Pursuant to the terms of the term sheet the following locations, and all property of the Debtor located at the locations, will be acquired by an entity designated by Christopher L. Little:

    A.    17887 Bagley Road, Cleveland, OH 44130 (Middleburg Heights);

    B.    9500 Diamond Center Drive, Mentor, OH (Mentor);

    C.    701 East Water Street, Sandusky, OH 44870 (Sandusky); and

    D.    4220 Belden Village Street NW, Canton, OH (Canton).

12) Pursuant to the terms of the term sheet, the consideration to be provided to the Debtor consists of the following:

    A.    $12,000 per location;

    B.    Entry into a Franchise Agreement with the Debtor on mutually agreeable terms.

13) Pursuant to the terms of the term sheet, Mr. Little's obligation to acquire the restaurants is contingent on:

    A.    Financing acceptable to the Buyer;

    B.    The Debtor executing mutually acceptable Franchise Agreements for each of the four locations;

    C.    Agreement with the respective landlords on the terms of lease acceptable to Buyer; and

    D.    The Sale of the assets being free and clear of lien claims and encumbrances.

14) Christopher L. Little is currently managing day to day operations of the Debtor. However, he is not an officer, director or shareholder of the Debtor.

15) In the event the entity designated by Mr. Little is the successful purchaser, Mr. Little will continue to manage the Debtor's Arundel Mills location and the Debtors' franchise operations.

## The Proposed Sale

16) By way of the within Sale Motion, the Debtor seeks authorization pursuant to 11 U.S.C. §§105(a), 363 and Fed. R. Bankr. P. 2002, 6004 and 6006 to sell the Restaurants, as well as certain tangible personal property and government licenses and permits to the Buyer or any other person or entity submitting a higher and better offer for the subject assets (a "Successful Bidder"), free and clear of all liens, claims, interests and encumbrances.

17) As set forth above, the Buyer intends to buy the assets used to operate the Restaurants and subsequently enter into a franchise agreements with Damon's Restaurants, Inc. The assets to be sold consist of the personal property and liquor licenses associated with the Restaurants. The Buyer will also purchase the Debtor's inventory, supplies, and equipment (collectively, the "Assets to be Acquired"). Aside from the liquor licenses, the used restaurant equipment constituting the bulk of the Assets to be Acquired have little liquidation value. Any value of the Assets to be Acquired will come from the Buyers continued operation of the Restaurants, and the attendant franchise fees to be paid to the Debtors.

18) The proposed sale of the Acquired Assets to the Buyer shall be subject to higher and better offers that may be submitted for the assets at a hearing scheduled by this Court to consider the sale of the Acquired Assets to the Buyer or a Successful Bidder (the "Sale Hearing").

19) The Debtors submit that the within offer to sell the Acquired Assets to the Buyer under the terms set forth in the term sheet is within the Debtors' best business judgment and should be approved by this Court, subject to higher and better offers.

**WHEREFORE**, the Debtors request that this Court enter an Order authorizing the sale of the Acquired Assets to the Buyer, free and clear of liens claims and encumbrances, and that it grant such other and further relief it deems proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 22, 2011 | **_/s/ Michael Kaminski_** <br> Michael Kaminski, Esquire <br> Pa. I.D. No. 53493 <br> Haig M. Sakoian, Esquire <br> Pa. I.D. No. 206032 <br><br> BLUMLING & GUSKY, LLP <br> 1200 Koppers Building <br> 436 Seventh Avenue <br> Pittsburgh, PA 15219 <br> (412) 227-2500 <br><br> Counsel to the Debtors |