UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 644-4756
Facsimile: (412) 644-4785
E-mail: Heather.Sprague@usdoj.gov

By:    Heather A. Sprague, Trial Attorney

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| DAMON'S INTERNATIONAL, INC., | § | Bankruptcy No. 09-27920 JAD |
| DAMON'S RESTAURANTS, INC., | § | Bankruptcy No. 10-20565 JAD |
| DAMON'S RESTAURANTS OF AMERICA, INC., | § | Bankruptcy No. 10-20567 JAD |
| DAMON'S OF NEW PHILADELPHIA, INC., | § | Bankruptcy No. 10-20568 JAD |
| DAMON'S OF LEXINGTON PARK, INC., | § | Bankruptcy No. 10-20569 JAD |
| DAMON'S MANAGEMENT, INC., | § | Bankruptcy No. 10-20570 JAD |
| | § | |
| Debtor(s). | § | Jointly Administered at |
| _____ | § | Bankruptcy No. 09-27920 JAD |
| UNITED STATES TRUSTEE, | § | |
| | § | |
| Movant, | § | DOCUMENT NO.: _____ |
| | § | |
| v. | § | |
| | § | HEARING DATE AND TIME: |
| DAMON'S INTERNATIONAL, INC., et al., | § | September 13, 2011 at 10:00 a.m. |
| | § | |
| Respondent(s). | § | RESPONSE DATE: September 6, 2011 |

MOTION TO APPOINT A CHAPTER 11 TRUSTEE
PURSUANT TO 11 U.S.C. § 1104 AND § 1112(b)(1)

TO THE HONORABLE JEFFERY A. DELLER
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, ROBERTA A. DeANGELIS, UNITED STATES TRUSTEE, by and through her undersigned counsel, and respectfully requests the entry of an Order directing the United States Trustee to appoint a chapter 11 trustee for the above debtors, and states as follows:

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157.

2. Venue in this district and of this proceeding and motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The United States Trustee has standing to appear and be heard on this matter pursuant to 11 U.S.C. § 307.

4. Among the statutory duties of the United States Trustee is the duty under 28 U.S.C. § 586(a)(3) to supervise the administration of cases pending under chapter 11.

5. 28 U.S.C. § 586(a)(3)(G) specifically requires the United States Trustee to monitor progress in cases under the Bankruptcy Code and take such actions as the United States Trustee deems appropriate to prevent undue delay in such progress.

6. The United States Trustee files this motion pursuant to 11 U.S.C. § 1104 and § 1112(b)(1).

## *Background*

7. Damon's International, Inc. commenced its bankruptcy case under chapter 11 of the United States Bankruptcy Code on October 28, 2009. On January 29, 2010, Damon's Restaurants, Inc., Damon's Restaurants of America, Inc., Damon's of New Philadelphia, Inc., Damon's of Lexington Park, Inc., and Damon's Management, Inc. (collectively "Debtors") filed voluntary petitions under chapter 11 as well.

8. On February 24, 2010, an Order was entered granting the Debtors' motion for joint administration (Docket No. 228).[1]

9. A committee of unsecured creditors was appointed by the United States Trustee on February 26, 2010 and amended on June 15, 2011 (Docket Nos. 240 and 670).

---

[1] All docket numbers reference filings in the lead case no. 09-27920 JAD unless noted otherwise.

10.     The Debtors are owned 100% by G&R Acquisitions, Inc. or G&R Acquisitions, LLC.[2] Gary L. Reinert, Sr. ("Mr. Reinert") owns 100% of the G&R Acquisitions entity.

11.     An emergency motion authorizing debtor-in-possession financing from Mr. Reinert and "certain entities controlled by him" in the amount of $750,000.00 was filed on December 23, 2009 at Docket No. 110 (*see* ¶ 21). Paragraph 22 of the financing motion states further that "[a]lthough it is not necessary to obtain Court approval for loans to the Debtor subsidiaries, Court authorization to do so is being requested out of an abundance of caution, and in the interest of transparency." A review of the docket indicates that this financing motion was never set for hearing, withdrawn by the Debtors or otherwise approved.

12.     The Debtors have not filed any other motions for debtor-in-possession financing, apart from a motion to obtain credit to finance insurance premiums filed on December 7, 2009 at Docket No. 87 (and withdrawn as moot on January 5, 2010 at Docket No. 123).

13.     Mr. Reinert commenced his own bankruptcy case under chapter 11 on May 2, 2011 at case no. 11-22840 JAD. On May 10, 2011, Mr. Reinert consented to the appointment of a chapter 11 trustee, and on May 17, 2011, the Court entered an Order approving the appointment of Carlota M. Bohm, Esq. as chapter 11 trustee for Mr. Reinert's estate. *See* Docket Nos. 37, 41, 60 and 69 in case no. 11-22840 JAD.

14.     Monthly operating reports filed in the case of Damon's Management, Inc. disclose the following transfers to entities owned or controlled by Mr. Reinert:

| Date | Description | Amount |
| --- | --- | --- |
| 3/10/10 | Dressel (Labor & Equipment to close 5 stores remove signage, FF&E and prepare for return to landlord) | $85,000.00 |
| 4/6/10 | Dressel (Payment for Affiliate payroll incurred on behalf of Damon's) | $50,000.00 |
| 5/10/10 | Power Contracting, Inc. (Work performed for the benefit of Damon's by PCI/Dressel/Road Runner due to Damon's not having cash available at the time as of 5/20/2010) | $39,000.00 |

---

[2] *Compare*, ¶ 8 of the Emergency Motion for Interim and Final Orders Authorizing Debtor-in-Possession Financing Pursuant to 11 U.S.C. §364(c) filed December 23, 2009 at Docket No. 110 (referencing G&R Acquisitions, Inc.) and ¶ 6 of Debtors' Response to Motion by the State of Ohio, Department of Taxation to Compel the Immediate Payment of Administrative Post-Petition Taxes, Interest and Penalties Due and Owing Through April 30, 2011, or, in the Alternative, to Dismiss the Chapter 11 Case filed June 21, 2011 at Docket No. 678 (referencing G&R Acquisitions, LLC).

| 5/11/10 | Power Contracting, Inc. (Work performed for the benefit of Damon's by PCI/Dressel/Road Runner due to Damon's not having cash available at the time as of 5/20/2010) | $47,000.00 |
|---|---|---|
| Total | | $221,000.00 |

*See* Docket Nos. 37, 39 - 40 in case no. 10-20570 JAD (true and correct copies of the relevant pages are attached hereto as Exhibit A).

15. Dressel is believed to be Dressel Associates, Inc. ("Dressel Inc."), which filed its own bankruptcy case under chapter 11 on May 2, 2011 at case no. 11-22844 JAD. Dressel Inc. consented to the appointment of a chapter 11 trustee, and on May 17, 2011, the Court entered an Order approving the appointment of Carlota M. Bohm, Esq. as chapter 11 trustee for Dressel Inc.'s estate. *See* Docket Nos. 39 - 40, 43, 62 and 70 in case no. 11-22844 JAD.

16. Likewise, Power Contracting, Inc. ("Power Contracting") filed its own bankruptcy case under chapter 11 on May 2, 2011 at case no. 11-22841 JAD. Power Contracting consented to the appointment of a chapter 11 trustee, and on May 17, 2011, the Court entered an Order approving the appointment of Carlota M. Bohm, Esq. as chapter 11 trustee for Power Contracting's estate. *See* Docket Nos. 47 - 48, 51, 68 and 81 in case no. 11-22841 JAD.

17. Road Runner is believed to be Road Runner Planning & Consulting, Inc., which is not a debtor in a case under title 11.

18. "[O]n June 22, 2010, Mr. Reinert caused a $1MM deposit to be made by Nucatelli Investments into the escrow account of Counsel to the Official Committee of Unsecured Creditors to secure payment of administrative claims." Paragraph 18 of Debtors' Response to Motion by the State of Ohio, Department of Taxation to Compel the Immediate Payment of Administrative Post-Petition Taxes, Interest and Penalties Due and Owing Through April 30, 2011, or, in the Alternative, to Dismiss the Chapter 11 Case filed June 21, 2011 at Docket No. 678 ("June 21, 2011 Response").

19. Debtors' June 21, 2011 Response states further that "Mr. Reinert provided proof to the Official Committee of Unsecured Creditors that $1MM had been paid to creditors of the debtors." Id. at ¶ 21. As a result, the $1 million held in escrow was released, less $189,000.00 which was paid towards professionals' fees. Id. at ¶¶ 22 - 23.

20. Debtors' June 21, 2011 Response does not disclose (1) the ultimate source of the $1 million deposit made by Nucatelli Investments, (2) the identity of the "alternative sources" which Mr. Reinert caused to satisfy $1 million of the Debtors' administrative claims; or (3) who received the balance of the $1 million escrowed funds upon their release. *See* ¶¶ 18 - 23.

21. Mr. Reinert has testified that it was his business practice to transfer money between entities which he owns and controls. *See, e.g.*, Exhibit K to Objection of the Official Committee

of Unsecured Creditors to (I) the Scheduled Claim of Gary L. Reinert, Sr., and (II) Claim Number 234 filed by Gary L. Reinert, Sr., filed July 20, 2010 at Docket No. 819 in Max & Erma's Restaurant, Inc., case no. 09-27807 JAD; *see also* page 62 of Transcript regarding hearing held May 10, 2011 at Docket No. 69 in Mr. Reinert's case no. 11-22840 JAD. True and correct copies of these excerpts from Mr. Reinert's testimony are attached hereto as Exhibit B.

22. Accordingly, there may be additional pre- or post-petition transactions involving the transfer of money or other estate assets between the Debtors, Mr. Reinert, and/or other entities which he owns and controls, giving rise to potential Chapter 5 actions.

23. Debtors' estates have potential claims against Dressel Inc., Power Contracting, and/or Mr. Reinert resulting from the unauthorized post-petition transfers disclosed in Damon's Management Inc.'s monthly operating reports. *See* Docket Nos. 37, 39 - 40 in case no. 10-20570 JAD.

24. Mr. Reinert's estate, or the estates of other entities, may have claims against the Debtors resulting from the satisfaction of Debtors' administrative claims.

25. An action or proceeding to avoid an unauthorized post-petition transfer must be commenced within two years after the date of the transfer. 11 U.S.C. § 549(d)(1). To date, the Debtors have not commenced any litigation under Chapter 5 of the Bankruptcy Code against Mr. Reinert or related entities.[3]

26. Additionally, Mr. Reinert formed an entity known as Dressel Associates, LLC ("Dressel LLC") for the purpose of entering into leases at the premises where Debtors' company-owned stores were operated. Debtors' June 21, 2011 Response at ¶ 24. Dressel LLC is not a debtor in a case under title 11.

27. As a result, all of the Debtors' leases exclusive of the lease at Arundel Mills, Maryland were deemed rejected. Id. at ¶ 25. According to Debtors, this was done in August 2010, without "sufficient information to confirm that transfer of the company-owned stores to Dressel Associates would not result in a loss of value to the estate." Id. at ¶ 26.

28. By resolutions dated February 15, 2010, Mr. Reinert acting in his capacity as sole director appointed Kenneth A. King to serve as Chief Executive Officer of Damon's Restaurants, Inc., Damon's Restaurants of America, Inc., Damon's of New Philadelphia, Inc., Damon's of Lexington Park, Inc., and Damon's Management, Inc.

29. Debtors' § 341(a) meetings of creditors were held on February 17, 2010 and April 7, 2010. Mr. Reinert appeared and testified on behalf of Damon's International, Inc. at the § 341(a) meeting held on February 17, 2010. Mr. King appeared and testified on behalf of the remaining

---

[3] Likewise, Debtors have not sought relief from the automatic stay to pursue any claims against Mr. Reinert or the related entities that sought bankruptcy protection on May 2, 2011 at case numbers 11-22840 JAD et seq.

Debtors at the § 341(a) meetings held on April 7, 2010.

30. Apparently, Mr. King is no longer serving as Chief Executive Officer. Instead, "Christopher L. Little is currently managing day to day operations of the Debtor[s]. However, he is not an officer, director or shareholder of the Debtor[s]." Paragraph 14 of Debtors' Motion for Order of Court Approving the Auction Sale of the Debtors' Ohio Store Assets Free and Clear of All Liens, Claims, Interests and Encumbrances ("Sale Motion") filed July 22, 2011 at Docket No. 717. The Debtors have not sought to retain the services of Mr. Little pursuant to 11 U.S.C. § 327.

31. Additionally, upon her appointment as chapter 11 trustee for Mr. Reinert's estate, Ms. Bohm assumed Mr. Reinert's sole corporate authority on behalf of the Debtors. *See* Debtors' June 21, 2011 Response at ¶ 45.

32. Debtors requested and received an extension of their exclusive time period to file a plan of reorganization, which expired on May 28, 2010 (Docket No. 292). No further extensions have been sought or granted.

33. Debtors' Application to Employ Accountants and Tax Advisors filed on March 18, 2010 at Docket No. 277 was ultimately withdrawn by the Debtors. *See* Docket Nos. 350, 364, 380, 384 and 390. Accordingly, no one has been performing post-petition accounting or tax functions on behalf of the Debtors. *See* allegation regarding delinquent post-petition tax returns at ¶ 27(a) of PNC Bank, National Association's Response to Debtors' Sale Motion, filed August 23, 2011 at Docket No. 758.

34. Paragraph 28 of the Debtors' June 21, 2011 Response references "a valuation placed on the franchise operations by an independent third party" that was contemplated in August 2010 in connection with a purchase by Mr. Reinert. This independent valuation has not been completed to date.

35. On August 11, 2011, the Debtors filed an Application to Employ NHB Advisors, Inc. as Asset Sale Advisor, which has been set for hearing on September 13, 2011 (Docket Nos. 736 and 740) ("NHB Application"). Paragraph 5 of the NHB Application states that

> Debtors anticipate that NHB's activities may include, but are not limited to, preparing appropriate advertising, canvassing prospective purchasers, obtaining execution of nondisclosure agreements in cooperation with the Debtors' counsel, assisting in all aspects of the due diligence process, soliciting proposals from prospective purchasers, negotiation terms and documentation in cooperation with the Debtors' counsel, and making recommendations to the Debtors regarding the sale process.

Since the Debtors have not referenced valuation among NHB's contemplated activities, it appears that the Debtors are not retaining NHB to perform the independent valuation of its franchise operations that was contemplated last August.

36. The Advisory Agreement attached as Exhibit 1 to the NHB Application is not signed by the Debtors.

### *Appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104*

37. 11 U.S.C. § 1104 provides that:

   (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

   (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ; or

   (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . .

38. A determination of "cause" under subsection (a)(1) is within the Court's discretion. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989). However, once cause is shown, the Court must appoint a trustee. *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 472 (3d Cir. 1998); *Sharon Steel*, 871 F.2d at 1226.

39. "Evidence of fraud or dishonesty is not necessary for the court to determine that cause exists for the appointment of a trustee under § 1104(a)(1)." *In re New Towne Dev., LLC*, 404 B.R. 140, 149 (Bankr. M.D.La. 2009).

40. There is cause to appoint a chapter 11 trustee because Debtors have no one to exercise the rights, powers, and duties of a debtor-in-possession under 11 U.S.C. § 1107. *See In re William A. Smith Constr. Co., Inc.*, 77 B.R. 124, 127 (Bankr. N.D. Ohio 1987) ("non-court appointed consultant at the helm of a debtor corporation postpetition does not comport with the letter nor spirit of managerial requirements set forth in §§ 1107 and 1108 of the Code").

41. Mr. Little, who began managing the day-to-day operations of the Debtors at some point during the pendency of these proceedings, is neither an officer nor director of the Debtors. Sale Motion, ¶ 14 (Docket No. 717). Debtors' sole principal, Mr. Reinert, consented to the appointment of a chapter 11 trustee for his own estate. Accordingly, no one is presently authorized to exercise managerial control and make decisions on behalf of the Debtors and their estates.

> Generally, a debtor corporation without a duly constituted president and/or chief executive/operating officer is without effective managerial control and lacks the capability of preserving the estate's assets for the benefit of its creditors. In such instances, the appointment of a trustee is appropriate.

*Smith Constr.,* 77 B.R. at 127.

42. It is necessary to resolve the uncertainty concerning who has authority to act on behalf of the Debtors, if the Debtors are going to retain an asset sale advisor or other professionals, enter into a financing transaction or sell their assets. Therefore, the appointment of a trustee is in the best interests of creditors and equity holders alike under subsection (a)(2) as well. *See Sharon Steel*, 871 F.2d at 1221.

43. Unless a trustee is appointed here, Debtors' actions are open to subsequent *ultra vires* attack. For example, Mr. Reinert continues to litigate over actions undertaken by the Chief Restructuring Officer appointed in the related chapter 11 case of Max & Erma's Restaurant, Inc. *See, e.g.*, ¶¶ 16, 17, 24 and 25 of Mr. Reinert's Response to Supplemental Motion for Order Denying Certain Portions of Administrative Expense Claims filed by Power Contracting, Inc., Road Runner Planning and Consulting, Inc., and Flying Roadrunner, Inc., filed August 10, 2011 at Docket No. 1376 in case no. 09-27807 JAD.

44. A debtor-in-possession owes a fiduciary duty to its creditors. *Marvel Entm't Group,* 140 F.3d at 471. As the estate's sole fiduciary, a debtor-in-possession's obligations "include a duty of care to protect the assets, a duty of loyalty and a duty of impartiality." *In re Eurospark Indus., Inc.*, 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010) (citations omitted). "To fulfill its duty of loyalty, a debtor-in-possession must 'avoid self-dealing, conflicts of interest and the appearance of impropriety.'" Id.

45. The diversion of corporate assets or funds is sufficient cause for the appointment of a chapter 11 trustee. *In re PRS Ins. Group, Inc.*, 274 B.R. 381, 385 (Bankr. D.Del. 2001).

46. Here, Debtors have admitted that all leases exclusive of the lease at Arundel Mills, Maryland were deemed rejected and diverted to a newly-formed entity owned by Mr. Reinert, without first confirming that doing so would not result in a loss of value to the Debtors' estates. June 21, 2011 Response at ¶¶ 24 - 26.

47. Debtors' failure to pay post-petition sales taxes to the State of Ohio, or file post-petition tax returns, is cause to appoint a chapter 11 trustee as well. *See In re Evans*, 48 B.R. 46, 48 (Bankr. W.D.Tex.1985) (holding debtor-in-possession's failure to fulfill duty to file federal income tax returns is sufficient cause for appointment of a trustee under § 1104(a)(1)); *In re Ristagno*, 27 B.R. 104, 105 - 06 (Bankr. E.D.Pa. 1983) (finding cause to appoint trustee based on failure to make full payment of assessed sales tax liability); *In re Great Northeastern Lumber & Millwork Corp.*, 20 B.R. 610, 611 (Bankr. E.D.Pa. 1982) (failure to file and pay sales taxes for six years constituted gross mismanagement and cause for appointment of a trustee under § 1104(a)(1)).

48. By motion filed July 22, 2011, Debtors are seeking Court approval to sell their four remaining store locations in Ohio, and all property of the Debtors at these locations, to an entity owned by Mr. Little, the person purportedly responsible for managing the day-to-day operations of the Debtors, "[i]n order to eliminate the potential for the Debtors to continue accruing, but not

paying sales taxes in the State of Ohio." Sale Motion at ¶¶ 9 - 11 (Docket No. 717).

49. An independent fiduciary should be appointed to evaluate whether this transaction is in the best interests of creditors and the estate.

50. Debtors' inability to pursue causes of action against insiders also supports appointment of a chapter 11 trustee here. *Sharon Steel*, 871 F.2d at 1220 - 21 (debtor-in-possession's failure to question transfers to insiders, and doubtful ability to sue for recovery due to shared management with transfer recipients, justified appointment of trustee); *PRS Ins.*, 274 B.R. at 388 - 89 (appointment of chapter 11 trustee "in light of the existing conflict of interest of management is clearly in the best interest of creditors").

51. Disclosing the transfers or delegating their recovery to the committee of unsecured creditors does not cure the transfers themselves or the need to appoint a trustee in these cases. *See Sharon Steel*, 871 F.2d at 1221 ("[d]isclosure of the transfers did not cure the preferential or fraudulent transfers") and 1228 ("enabling the committee to sue for recovery of per se voidable preferences and fraudulent conveyances . . . has not cleared up the question about current management's fitness to continue running [the debtor] and its commitment to see it through to a successful reorganization").

### *Appointment of a Chapter 11 Trustee as an Alternative to Conversion or Dismissal under 11 U.S.C. § 1112(b)*

52. The statutory duties of a debtor-in-possession include the requirement to file monthly financial reports providing detail regarding income and expenditures and compliance with the requirement to make timely payments of post-petition obligations. *See* 11 U.S.C. § 1106(a)(1), 11 U.S.C. § 1107, and 11 U.S.C. § 704(a)(8).

53. By Local Rule 2015-1 and General Court Procedure #2(B)(5), the Debtors are directed to "file monthly statements of operations for the preceding month with the Clerk no later than the fourteenth day of the next month, and serve copies on counsel, if any, for any appointed committee in a Chapter 11 case."

54. However, the Debtors have not filed or transmitted any such operating reports since the period ending May 29, 2011, notwithstanding the requirements of 11 U.S.C. §§ 704(a)(8), 1106(a)(1), 1107, Fed. R. Bankr. P. 2015, Local Rule 2015-1, and General Court Procedure #2(B)(5).

55. Additionally, the Debtors have failed to timely file the reports required by Fed. R. Bankr. P. 2015.3 concerning entities in which the estate holds a controlling or substantial interest.[4]

---

[4] Fed. R. Bankr. P. 2015.3 provides that:

(a) In a chapter 11 case, the trustee or debtor in possession shall file periodic financial

Although an initial report was filed on February 11, 2010 at Docket No. 192, subsequent reports have not been filed notwithstanding the requirements of Fed. R. Bankr. P. 2015.3(b) (subsequent reports "shall be filed no less frequently than every six months thereafter, until the effective date of a plan or the case is dismissed or converted").

56. Among the specified statutory causes for conversion or dismissal enumerated in § 1112(b)(4), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, is the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F).

57. Moreover, it appears that the Debtors are administratively insolvent based on their inability to pay sales taxes or administrative expenses absent extraordinary contributions from Mr. Reinert. *See* Sale Motion at ¶¶ 9 - 11 (Docket No. 717) and June 21, 2011 Response at ¶¶ 17 - 24 (Docket No. 678).

58. Debtors plan to sell all assets rather than rehabilitate and reorganize. June 21, 2011 Response at ¶¶ 36 - 41 (Docket No. 678).

59. "[S]ubstantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" is also among the specified statutory causes for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(A).

60. In addition, the Debtors have failed to remit fees required under the provisions of chapter 123 of title 28. Quarterly fees for the Second Quarter of 2011 were required to be paid on or before July 31, 2011 to the United States Trustee under 28 U.S.C. § 1930(a)(6) in the amount of $9,750.00. However, those fees have not been remitted to date despite requests by the United States Trustee. Failure to pay statutory fees constitutes additional cause to convert or dismiss under 11 U.S.C. § 1112(b)(4)(K).

61. Likewise, to the extent cause exists to appoint a trustee under 11 U.S.C. § 1104(a)(1) based on gross mismanagement of the affairs of the Debtors by current management, there is cause to convert or dismiss these cases under 11 U.S.C. § 1112(b)(4)(B).

62. Under 11 U.S.C. § 1112(b)(1), the Court may direct the appointment of a chapter 11 trustee, rather than convert or dismiss the case, if the appointment is in the best interests of creditors and the estate.

63. The appointment of a chapter 11 trustee is in the best interests of creditors and the estate at this juncture. A trustee will have clear authority to act on behalf of the Debtors, to retain

---

reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest. The reports shall be prepared as prescribed by the appropriate Official Form, and shall be based upon the most recent information reasonably available to the trustee or debtor in possession.

professionals such as an asset sale advisor or accountant, to enter into a financing transaction or sell Debtors' assets. A trustee will also have the power, incentive, and independence necessary to conduct an impartial investigation into transactions involving the transfer of money or other estate assets between the Debtors and insiders such as Mr. Reinert, and initiate litigation if appropriate. Lastly, the trustee may ultimately move to convert or dismiss the case if appropriate to do so.

64. Ms. Bohm advised the United States Trustee that she has no opposition to the appointment of a chapter 11 trustee for these Debtors.

WHEREFORE, the United States Trustee respectfully requests that this Honorable Court enter an Order directing the United States Trustee to appoint a chapter 11 trustee, and grant any and all further relief as may be equitable and just.

    Respectfully submitted,

    Roberta A. DeAngelis
    United States Trustee

Dated: August 30, 2011    By:    /s/ Heather A. Sprague
    Heather A. Sprague, Esquire
    (MA ID 661541)
    Liberty Center, Suite 970
    1001 Liberty Avenue
    Pittsburgh, Pennsylvania 15222
    Telephone: (412) 644-4756
    Facsimile: (412) 644-4785
    E-mail: Heather.Sprague@usdoj.gov